**Karamoko TOURE, Petitioner,**

v.

**Michael B. MUKASEY Attorney General [1], Respondent.**

**No. 07–1640–ag.**

United States Court of Appeals, Second Circuit.

March 31, 2008.

---

on remand, it should have considered these regulations as well if they were in fact part of petitioner's submissions.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Parker Waggaman, New York, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney General, Emily Anne Radford, Assistant Director, Nicole N. Murley, Attorney, U.S. Department of Justice, Office of Immigra-tion Litigation, Washington, D.C., for Re-spondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Karamoko Toure, a citizen of Cote D'Ivoire, seeks review of a March 20, 2007 order of the BIA, affirming the Au-gust 11, 2005 decision of Immigration Judge ("IJ") George T. Chew, denying his applications for asylum, withholding of re-moval and relief under the Convention Against Torture ("CAT"). *In re Karamo-ko Toure,* No. A96 266 363 (B.I.A. Mar. 20, 2007) *aff'g* No. A96 266 363 (Immig. Ct. N.Y. City Aug. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We re-view the agency's factual findings, includ-ing adverse credibility determinations, un-der the substantial evidence standard. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

■ Toure argues that the BIA erred by finding that the IJ found that Toure had not shown exceptional circumstances warranting an exception to the one-year filing deadline for his asylum application. However, the BIA's misreading of the rec-ord was harmless because (1) the BIA also

affirmed the IJ's determination that Toure did not file his asylum application within one year of arriving in this country, *see* 8 U.S.C. § 1158(a)(2)(B), (D), and (2) Toure made no claim that he fell within one of the statutory exceptions. Therefore, there was no material legal error in the agency's pretermission of Toure's asylum application.

 The IJ's adverse credibility finding, which was affirmed by the BIA and which defeated Toure's claims for withholding of removal and relief under the Convention Against Torture, was supported by substantial evidence. The IJ properly relied on Toure's submission of an apparently fraudulent United Nations vaccination card to discredit his general credibility. The card, which contained several flagrant misspellings, was offered to prove that Toure was outside the country at a time consistent with his claim that he entered the country within one year of making his asylum application. Because the card was offered to prove that Toure's asylum application was timely, the IJ did not err by concluding that its submission adversely affected Toure's general credibility. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007) ("False evidence that is wholly ancillary to the alien's claim may, in some circumstances, be insufficient by itself to warrant a conclusion that the entirety of the alien's uncorroborated material evidence is also false.")

Further, Toure substantially misstated the dates on which the two principal incidents of persecution to which he testified occurred. These misstatements also support the IJ's adverse credibility finding. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 395 (2d Cir.2005)("Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable.").

For the foregoing reasons, the petition for review is DENIED.